31889. HUGENNIE *v.* THE STATE.

DECIDED FEBRUARY 3, 1948.

438

*D. R. Pearce, Lovejoy Boyer,* for plaintiff in error.

*M. H. Boyer, Solicitor-General, D. R. Jackson,* contra.

GARDNER, J. ■ So far as the general grounds are concerned, the evidence warrants the verdict of voluntary manslaughter under a sudden heat of passion supposed to be irresistible. This was a jury question properly presented by the court in its charge to the jury. There is no assignment of error that the court did not fully and correctly charge every principle of law applicable

to this sort of a case and defense. This is true, since there is no assignment of error on any improper charge or failure to charge. Indeed, the charge is not made a part of the record. Counsel for the defendant cite only one case for our consideration on the contention that the evidence does not sustain the verdict, and that is *Miller* v. *State*, 9 *Ga. App.* 599 (71 S. E. 1021). A casual reading of that case, as compared with the facts of the instant case, will readily disclose that they are different by facts and assignment of error from those of the instant case.

The court did not err in overruling the motion for a new trial so far as the general grounds are concerned.

■ There are two special grounds: 1. The defendant introduced the chief of police and asked him the question: "Did Ed Hugennie ever come to you on one or more occasions while you were chief of police, asking the help of the officers to stop this boy that he shot from running around with his wife, Ed Hugennie's wife, and having adulterous relations with her?" The court ruled that such evidence was self-serving and inadmissible and refused to allow the witness to answer such question. 2. A similar assignment of error is made in special ground 2, in that two other police officers of the City of Hawkinsville were propounded like questions as in special ground 1, and the court made the same ruling. The defendant cites no authority to sustain his position that the refusal to admit this testimony was reversible error. In our opinion the ruling of the court was correct, and there is no reversible error in this special assignment. *Teasley* v. *State*, 202 *Ga.* 316 (43 S. E. 2d, 319).

The court did not err in overruling the motion for a new trial for any of the reasons assigned.

*Judgment affirmed. MacIntyre, P. J., and Townsend, J. concur.*